United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40760
Conference Calendar

R. WAYNE JOHNSON,

Plaintiff-Appellant,

versus

JANA WHATLEY, Judge; JOEL B. JOHNSON, Judge;
CHARLES ELDRED,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-107
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

R. Wayne Johnson, Texas prisoner # 282756, seeks leave to

proceed in forma pauperis (IFP) following the district court's

certification that his appeal from the dismissal of his 42 U.S.C.

§ 1983 complaint was frivolous.  In his 42 U.S.C. § 1983

complaint, Johnson challenged the constitutionality of TEX. CIV.

PRAC. & REM. CODE ANN. § 11.101 and sought declaratory and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

injunctive relief.  As an initial matter, Johnson's motion to file a supplemental brief is GRANTED.

By seeking IFP status in this court, Johnson is challenging the district court's certification that his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  Johnson has failed to show that the district court abused its discretion in finding that his complaint was barred by the Younger[**] abstention doctrine.  See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm., 283 F.3d 650, 652 (5th Cir. 2002).  Nor has he shown that the state court contempt proceeding was undertaken in bad faith or with an intent to harass him.  See Younger, 401 U.S. at 56; Perez v. Ledesma, 401 U.S. 82, 85 (1971).

Johnson has failed to show that he will present a nonfrivolous issue on appeal.  Accordingly, the district court's order certifying that the appeal is frivolous is upheld, Johnson's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The dismissal of his complaint and appeal as frivolous each count as one strike for purposes of 28 U.S.C. § 1915(g), and he has already received two strikes as a result of the dismissal of his 42 U.S.C. § 1983 complaint and appeal as frivolous in Johnson v. Tepper, No. 02-51232 (5th Cir. March 31,

---

[**]  Younger v. Harris, 401 U.S. 37 (1971).

2003)(unpublished). See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996). Therefore, Johnson has accumulated four "strikes" under 28 U.S.C. § 1915(g), and he is BARRED from bringing any civil action or appeal IFP while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury. Johnson's motion for appointment of counsel is DENIED.

MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; IFP DENIED; APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.